IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QING "SAM" CHEN | § § § | CIVIL ACTION NO.   1:21-cv-571 |
| V. | § § § | |
| KRYSA RENAE ORTIZ PERINE | § | JURY DEMANDED |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant, Krysa Renae Ortiz-Perine, files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and will show:

1. Plaintiff Qing "Sam" Chen's civil suit against Defendant Krysa Renae Ortiz-Perine is removable to this Court. Complete diversity exists between Plaintiff and the Defendant, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this removal is being filed within the time period permitted under §1446(b)(1).

2. On April 7, 2021, Plaintiff filed Cause No. D-1-GN-21-001531, styled *Qing "Sam" Chen v. Krysa Renae Ortiz Perine* in the 201st Judicial District Court of Travis County, Texas. On April 27, 2021, Plaintiff filed his First Amended Petition, which is the current pleading. *See* Exhibit 3, Plaintiff's First Amended Petition. Defendant has not been served as shown below.

3. Complete diversity exists between Plaintiff and Defendant as required by 28 U.S.C. § 1332(a):

   A. Plaintiff Qing "Sam" Chen admitted he is an individual and citizen of Travis County, Texas. *See* Exhibit 3, ¶ 2 of Plaintiff's First Amended Petition.

   B. Defendant Krysa Renae Ortiz-Perine is the only Defendant and at all times has

been a citizen of Ohio. Plaintiff admits Defendant is a citizen of Ohio. *See* Exhibit 3, ¶ 3 of Plaintiff's First Amended Petition. *See also*, Exhibit 9, affidavit of Krysa Renae Ortiz-Perine.

4. Plaintiff asserts the damages sought are $250,000. *See* Exhibit 3, ¶ 5. Accordingly, the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(a).

5. Plaintiff has not served Defendant as required by the Texas Rules of Civil Procedure and Texas law. *See* Exhibit 9, affidavit of Krysa Renae Ortiz-Perine. Therefore, Defendant's time period to remove under 28 USC §1446(b) has not begun to run. Further, Defendant has not waived and does not agree to waive her right to have service of process upon her according to the law. *See Id.* Exhibit 9, ¶ 5. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48 (1999) (holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels). Therefore, this removal is being filed within the time period allowed for removal.

6. Plaintiff admits this lawsuit arises out of a car collision or accident on frontage road of IH-35, and not because of any agreement or business dealings with Defendant. *See* Exhibit 3, ¶¶ 7-12. Plaintiff did not cite, did not issue citation and did not attempt service of process under § 17.062. *See* Exhibit 3, ¶ 3. Section 17.062 (Long-Arm Jurisdiction over Nonresident Motor Vehicle Operator) requires service through the Chairman of the Texas Transportation Commission, who is statutorily authorized for substitute service against a person that grows out of a collision or accident while operating a motor vehicle in this state.

7. Plaintiff instead asserted, issued citation, and attempted service only under

Tex. Civ. Pract. and Rem. Code § 17.045(a) through the Texas Secretary of State.  However, § 17.045(a) is dependent upon § 17.044, but § 17.044 does not apply to this Defendant.  Defendant is an individual and § 17.044(a)(1-2) do not apply.  *See* Exhibit 3, ¶ 3 and Exhibit 9, affidavit of Defendant regarding Plaintiff's claims based on an auto accident.  Plaintiff has not sued a company, corporation, limited liability company, or a surviving merger company required to designate with the Texas Secretary of State as agent under the Texas Business Organization Code. *See* Tex. Bus. Org. Code §§ 5.251, 9.004, 9.007, 9.011, 10.008(c) and 10.106(8).

8. Defendant has never been a Texas resident.  *See* Exhibit 9, ¶ 2.  Therefore, § 17.044(3) does not apply.  Section 17.044(a)(3) only applies to a Texas resident who becomes a nonresident by leaving Texas.

9. As shown above, Plaintiff asserts his suit arises out of an auto accident.  Plaintiff does not assert any business dealings with Defendant as a party.  Section 17.044(b) does not apply.  *See* Exhibit 3, ¶¶ 7-12.  Likewise, § 17.044(c) does not apply as Defendant is not deceased,  and §17.044(d) does not apply as Defendant is not incompetent.  *See* Exhibit 9, affidavit of Defendant.

10. As shown above, Plaintiff's attempt at service through the Secretary of State is improper and invalid.  Plaintiff has not attempted service through the Chairman of the Texas Transportation Commission.  In either event, Defendant has not been served with citation or process and removal is proper.  *See* Exhibit 9, affidavit of Defendant.

11. As stated in *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80 (1988), failure to give notice (through proper service) violates "the most rudimentary demands of due process of law." *Armstrong v. Manzo*, 380 U. S. 545, 550 (1965). See also *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U. S. 286, 291 (1980); *Mathews v. Eldridge*, 424 U. S. 319, 333 (1976); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U. S. 100, 110 (1969); *Pennoyer v. Neff*, 95 U. S. 714, 733 (1878).

12. This Notice of Removal also is being filed within 1 year after the commencement of the action in accordance with 28 U.S.C. § 1446(c)(1).

13. Defendant files with this Federal Court a copy of all process, pleadings, and orders as required by 28 U.S.C. § 1446(a):

| Exhibit Number | Description |
| --- | --- |
| Exhibit 1 | Plaintiff's Original Petition |
| Exhibit 2 | Issuance of Citation |
| Exhibit 3 | Plaintiff's First Amended Petition |
| Exhibit 4 | Letter Requesting Citation |
| Exhibit 5 | Issuance of Citation |
| Exhibit 6 | Citation |
| Exhibit 7 | Return of Service |
| Exhibit 8 | State Court Docket Sheet |
| Exhibit 9 | Affidavit of Krysa Renae Ortiz-Perine |

14. Contemporaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of this Notice of Removal and is filing a Notice with the Clerk of the 201st Judicial District of Travis County, Texas as required by 28 U.S.C. § 1446(d).

15. Plaintiff demanded a jury in the State Court action. Defendant likewise demands a jury trial in this Federal Court.

THEREFORE, Defendant Krysa Renae Ortiz-Perine removes *Cause No. D-1-GN-21-001531,* styled *Qing "Sam" Chen v. Krysa Renae Ortiz Perine* in the 201st Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas; Austin Division, pursuant to the statutes and in conformance with the requirements set forth in 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**BENJAMIN, VANA, MARTINEZ & CANO, LLP**

By: _/s/ Dan Vana_
    **Dan Vana**
    State Bar No.: 20435750
    danvana@benlawsa.com

2161 NW Military Highway, Suite 111
San Antonio, TX  78213
and 3600 Bee Cave Road
Austin, Texas 78746
Telephone:  (210) 881-0667
Facsimile:  (210) 881-0668

**ATTORNEY FOR DEFENDANT,**
**KRYSA RENAE ORTIZ-PERINE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following and, if such person is not a member of the CM/ECF system, then service will be made in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

William G. Rossick
The Carlson Law Firm, P.C.
11606 N. IH-35
Austin, Texas 78753

    _/s/ Dan Vana_
    Dan Vana