4/7/2021 9:46 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001531
Ruben Tamez

CAUSE NO: <u>D-1-GN-21-001531</u>

| | |
|---|---|
| QING "SAM" CHEN,<br>**Plaintiff,** | IN THE DISTRICT COURT OF |
| v. | <u>201ST</u> JUDICIAL DISTRICT |
| KRYSA RENAE ORTIZ PERINE,<br>**Defendant.** | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Plaintiff, QING CHEN, complaining of and against KRYSA RENAE ORTIZ PERINE, and files Plaintiff's Original Petition and for cause of action would show the Court as follows:

### A. DISCOVERY LEVEL

1. Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 2 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.2.

### B. PARTIES AND SERVICE FOR CITATION

2. Plaintiff, QING CHEN, is a natural person and was a resident of Travis County, Texas, at the time of the events made the basis of this suit.

3. Defendant, KRYSA RENAE ORTIZ PERINE, is a natural person who resided in Cuyahoga County, Ohio at the time of the events made the basis of this suit. Service of process may be obtained on KRYSA RENAE ORTIZ PERINE at 633 Robbins Ave, Niles, OH 44446-2466, or any place Defendant may be found. Plaintiff hereby requests service by private process server.

### C. JURISDICTION AND VENUE

4. As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all

Exhibit 1

applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit.

5.    Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money the plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2020, and pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(2), Plaintiff hereby states that he is seeking monetary relief of up to two hundred fifty thousand and/100 dollars ($250,000.00).

6.    Pursuant to Section 15.002(A)(1) of the TEXAS RULE OF CIVIL PROCEDURE, venue is proper in Travis County because it is the county in which all or a substantial part of the events giving rise to the claim occurred.

## D.  FACTUAL BACKGROUND

7.    Plaintiff, QING CHEN, brings this suit to recover damages for personal injuries sustained as a result of a collision in Travis County, Texas on September 27, 2019. The collision was proximately caused by the negligence of Defendant.

8.    On September 27, 2019, at approximately 8:30 a.m., Plaintiff, QING CHEN was stopped at a red light while traveling south along the frontage road of Interstate 35 in Austin, Travis County, Texas. At the same time, Defendant, KRYSA RENAE ORTIZ PERINE was also traveling south on the same road just behind Plaintiff. Suddenly and due to the negligent manner in which she chose to drive, Defendant failed to control her speed and forcefully struck the back of Plaintiff's vehicle at a high rate of speed.

As a result of the collision, Plaintiff, QING CHEN sustained damages in the form of past and future physical pain and suffering, past and future mental anguish, past and future medical expenses, past and future loss of enjoyment of life, and past and future physical impairment.

Exhibit 1

## E.  NEGLIGENCE

9.   Plaintiff alleges that, upon the occasion in question, Defendant failed to use ordinary care in operating a vehicle in at least one or more of the following ways:

   a.      Failing to pay adequate attention;

   b.      Failing to keep a proper lookout;

   c.      Failing to make a timely application of her brakes;

   d.      Failing to maintain an assured clear distance;

   e.      Engaging in distracting driving;

   f.      Driver inattention;

   g.      Failing to maintain control of a vehicle;

   h.      Faulty evasive action;

   i.      Failing to maintain a safe speed;

   j.      Failing to use due caution; and

   k.      Striking another vehicle causing serious personal injuries.

10.   Each and all of the above stated acts or omissions constitute negligence and are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## F.  DAMAGES

11.   Plaintiff would show that, as a direct and proximate result of the above-mentioned collision, Plaintiff sustained significant personal injuries and damages, including but not limited to the following:

   a.   Past and future physical pain and suffering;

   b.   Past and future mental anguish;

   c.   Past and future medical expenses;

   d.   Past and future physical impairment; and

   e.   Past and future loss of enjoyment of life.

### G.  DEMAND FOR JURY TRIAL

12.  Plaintiff demands a trial by Jury. Plaintiff acknowledges payment of the required Jury fee.

### I. DESIGNATED E-SERVICE E-MAIL ADDRESS

13.  The following is the undersigned attorney's designated-Service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) & 21(a): wrossick@carlsonattorneys.com. This is the undersigned's only E-Service e-mail address, and service through any other e-mail address will be consider invalid.

### J. REQUEST FOR A COURT REPORTER

14.  Plaintiff respectfully requests that a court reporter attend all sessions of court in connection with this case, and that the court reporter take full notes of the jury selection, all testimony offered together with any and all objections, arguments, and presentations of counsel, and rulings and remarks of the court.

### K. RULE 193.7 NOTICE

15.  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

### L. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that on final hearing Plaintiff have judgment against Defendant for an amount within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as provided by law, costs of court and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

Exhibit 1

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 N. IH-35
Austin, Texas 78753
(512) 346-5688 Telephone
(512) 719-4362 Facsimile

By:     */s/  William G. Rossick*
        William G. Rossick
        SBN: 00789597
        wrossick@carlsonattorneys.com
        Attorney for Plaintiff

Exhibit 1