IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| QING "SAM" CHEN | § |
| | § CIVL ACTION NO. 1:21-cv-00571 |
| | § |
| V. | § |
| | § |
| KRYSA RENAE ORTIZ PERINE | § |
| | § JURY DEMANDED |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant Krysa Renae Ortiz-Perine ("Defendant") files her Original Answer and defenses to Plaintiff's First Amended Petition.

1. Discovery Control Plan. Such allegation is a Texas Rule of Civil Procedure. Defendant denies such allegation applies to this Federal Court proceeding.

2. Parties. Defendant admits Plaintiff Qing "Sam" Chen is an individual and citizen of Texas residing in Travis County, Texas.

3. Defendant admits that she is a resident of Trumbull County, Ohio.

4. Defendant admits this Court has subject matter jurisdiction; however, Defendant denies Plaintiff has properly served Defendant with citation and process. Plaintiff admits that the amount in controversy sought exceeds the jurisdictional requirements of this Federal Court.

5. Defendant admits this Court has subject matter jurisdiction; however, Defendant denies Plaintiff has properly served Defendant with citation and process. Plaintiff admits that the amount in controversy sought exceeds the jurisdictional requirements of this Federal Court.

6. Venue. Defendant admits that venue of this removed action is proper in the Western District Court of Texas – Austin Division based on 28 U.S.C. §1332(a). Defendant denies venue is proper in the State Court of Travis County, Texas.

7. Regarding the allegations of paragraph 7, Defendant admits the auto accident occurred with Plaintiff on September 27, 2019 in Travis County, Texas. Otherwise, denied.

8. Regarding the allegations of paragraph 8, Defendant admits the auto accident occurred with Plaintiff on September 27, 2019 in Travis County, Texas and Defendant hit the rear of Plaintiff. Otherwise, denied.

9. Regarding the allegations of paragraph 9, Plaintiff has not specified the type, amount or damage claimed; therefore, such allegations are denied.

10. Regarding the allegations of paragraph 10, denied.

11. Regarding the allegations of paragraph 11, denied.

12. Regarding the allegations of paragraph 12, Plaintiff has not specified the type, amount or damage claimed; therefore, such allegations are denied.

13. Plaintiff demanded a jury trial. Likewise, Defendant demands a jury trial.

14. Regarding paragraph 14, no responsive pleading is required. To the extent a responsive pleading is required, such allegation is denied.

15. Regarding paragraph 15, no responsive pleading is required. To the extent a responsive pleading is required, such allegation is denied.

16. Regarding paragraph 16, no responsive pleading is required. To the extent a responsive pleading is required, such allegation is denied.

17. Regarding the Prayer for Relief, denied.

## DEFENDANT'S DEFENSES, AFFIRMATIVE DEFENSES, OFFSETS AND CREDITS

Defendant further asserts the following affirmative and additional defenses:

1. As allowed by the United States Constitution and Texas Constitution, and common law of this State, Defendant denies each and every allegation made by Plaintiff and demands strict proof of such allegations.

2. Pleading further and in the alternative, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code by the Texas Legislature and the Texas Supreme Court and common law, the jury is entitled to determine the responsibility or negligence, if any, of the parties to the suit.  Furthermore, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, Defendant asserts her rights to all reductions, settlements, offsets, credits and bars prohibiting or limiting Plaintiff's recovery of damages.

3. Pleading further and in the alternative, Defendant asserts the defense of unavoidable accident.

4. Pleading further and in the alternative, Defendant asserts the defense of sudden emergency and that she acted reasonably and prudently when confronted with Plaintiff causing the accident.

5. Pleading further and in the alternative, Defendant asserts the defense of excuse to all allegations of negligence and negligence per se and that she acted reasonably and prudently.

6. Pleading further and in the alternative, Defendant pleads the defense of intervening, superseding, or a new and independent cause, for which Defendant is not legally responsible for same.

7. Pleading further and in the alternative, Defendant asserts as a defense §41.0105 of the Texas Civil Practice and Remedies Code, and in addition to any other limitation under law, Plaintiff's recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Pleading further and in the alternative, in the event any of Plaintiff's injuries, medical conditions, mental anguish, pain and suffering, physical impairment and limitations were caused in whole or in part by injuries, conditions or disorders that were pre-existing, and/or arose subsequent to, and/or are unrelated to the incident in question, then Defendant is not legally responsible.

9. Pleading further and in the alternative, likewise, to the extent a Plaintiff's injuries, medical conditions, mental anguish, pain and suffering, physical impairment and limitations were pre-existing, occurred before the accident made the basis of this lawsuit, arose subsequent to, are unrelated to the accident in question, and/or which exist subsequently, and will continue to exist due to reasons unrelated to the accident made the basis of this lawsuit, such are not injuries, medical conditions, mental anguish, pain and suffering, physical impairment, limitations and damages for which Defendant is responsible.

10. Pleading further and in the alternative, Plaintiff has a legal obligation under Texas law, including common law duty, to mitigate his alleged injuries and damages. In the event Plaintiff failed to reasonably and properly care for and treat his alleged injuries, or failed to act as a reasonably prudent person in minimizing his alleged damages, expenses incurred or monies owed in connection with property damages or medical care, or failed to submit his medical to his insurance for payment of same, then Plaintiff failed to mitigate his damages and the Court should issue the appropriate limiting instruction to the jury.

11. Pleading further and in the alternative, Defendant asserts to the extent a Plaintiff seeks recovery of medical expenses that were charged to Plaintiff, but were never paid or incurred because the amount exceeded the amount authorized by private insurance or a government program, or were written off or not sought by the provider, then the Court should issue the appropriate limiting instruction to the jury.

12. Pleading further and in the alternative, in the event Plaintiff seeks recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, Plaintiff must present evidence of the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, as required by § 18.091 of the Texas Civil Practice and Remedies Code.

13. Pleading further and in the alternative, Defendant assert that claims for pre and post-interest are limited by the dates and amounts set forth in the Texas Finance Code §304.

14. Defendant reserves the right to supplement or amend this Answer as allowed by the Court and the Federal Rules of Civil Procedure.

15. Defendant demands a trial by a jury of her peers.

WHEREFORE, PREMISES CONSIDERED, Defendant Krysa Renae Ortiz-Perine files this Original Answer and defenses to Plaintiff's First Amended Petition; requests that Plaintiff take nothing; requests that all costs be assessed against Plaintiff; and for such other relief, at law or in equity, to which Defendant is justly entitled.

Respectfully submitted,

**BENJAMIN, VANA, MARTINEZ & CANO, LLP**

By: _____*/s/ Dan Vana*_____
    **Dan Vana**
    State Bar No.: 20435750
    danvana@benlawsa.com

2161 NW Military Highway, Suite 111
San Antonio, TX  78213
and 3600 Bee Cave Rd
Austin, Texas 78746
Telephone:  (210) 881-0667
Facsimile:  (210) 881-0668

**ATTORNEY FOR DEFENDANT,
KRYSA RENAE ORTIZ PERINE**

### CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following and, if such person is not a member of the CM/ECF system, then service will be made in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

William G. Rossick
The Carlson Law Firm, P.C.
11606 N. IH-35
Austin, Texas 78753

      _____*/s/ Dan Vana*_____
      Dan Vana